

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-16-2007

# Quispe v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4658

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Quispe v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1605.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1605

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4658

JUAN QUISPE,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
BIA No. A77 708 626
Immigration Judge: Eugene Pugliese

Submitted Under Third Circuit LAR 34.1(a)
on January 9, 2007

Before: SLOVITER and RENDELL, Circuit Judges,
and RUFE,* District Judge.

(Filed February 16, 2007)

_____

* Honorable Cynthia M. Rufe, Judge of the United States District Court for the Eastern
District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

RENDELL, <u>Circuit Judge</u>.

Juan Quispe petitions for review of the September 19, 2005, final order of removal by the Board of Immigration Appeals ("BIA"). The order adopted and affirmed the denial by the immigration judge ("IJ") of Quispe's request for cancellation of removal. The IJ concluded that Quispe failed to show that his children (who are citizens of the United States) would suffer exceptional and unusual hardship if Quispe were removed from the United States. In his petition for review, Quispe argues that he should be deemed to have met his burden of showing unusual and exceptional hardship in light of United States treaty obligations and principles of customary international law. For the reasons set forth below, we will deny the petition for review.

## FACTUAL AND PROCEDURAL HISTORY

The facts of this case are not in dispute. Quispe entered the United States illegally in 1989. He is the father of two children with Lusmilla Quispe who were born in the United States in 1994 and 1997. Quispe and Lusmilla eventually separated and in 1997 Quispe married another woman whom he divorced in 2002. The children have always lived with Lusmilla. In 2003, the Department of Homeland Security initiated removal proceedings against Quispe.

Quispe applied for relief in the form of cancellation of removal, which the Attorney General may grant to certain persons meeting the criteria listed by 8 U.S.C. § 1229b(b). Specifically, the cancellation is available if the person "has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application," § 1229b(b)(A); "has been a person of good moral character during such period," § 1229b(b)(B); has not been convicted of certain crimes (none of which is applicable here), § 1229b(b)(C); and "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence," § 1229b(b)(D).

The IJ found that even assuming the criteria of physical presence, good moral character, and the absence of relevant convictions, Quispe had not established that his removal would result in exceptional and extremely unusual hardship to his citizen children.

Quispe testified that he sees his children every weekend; that he provides for their school supplies and clothes; that he provides $500-$600 a month in financial support; and that he provides for their health insurance through private insurance he has purchased. Quispe is not on speaking terms with Lusmilla and she did not appear at the hearing. Quispe understood Lusmilla to earn the minimum wage. He stated that he believed that his children would be hurt psychologically and economically if he were removed.

3

The IJ noted that the key issue was whether there was anything exceptional or extremely unusual about the hardship Quispe's children would face. The IJ found that while the hardships were significant, "these types of hardships are the exact same kind of hardships that occur in every case in which a parent is forced to leave the United States. There's nothing exceptional or extremely unusual about them." App. 42.

The BIA affirmed the IJ in a three-paragraph order. "We adopt and affirm the decision of the Immigration Judge in regards to the respondent's failure to establish exceptional and extremely unusual hardship to his two United States citizen children." App. 36.

**DISCUSSION**

Pursuant to 8 U.S.C. § 1252(a)(2)(D), we have jurisdiction to review constitutional claims and questions of law in challenges to orders of removal. "Nothing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." *Id.*

In his petition for review, Quispe challenges not the discretionary determination to deny cancellation of removal, but the construction of § 1229b(b)(D). Quispe argues that international treaty obligations and customary international law require that the words "exceptional and extremely unusual hardship" be given "broad statutory definition." Petr.'s Br. 32. His brief states this argument in the form of a question: "Couldn't it be

4

considered [an] 'exceptional and extremely unusual' situation where a father, who loves and cares for his young children and who is capable of supporting them, both emotionally and economically, [is required] to be arbitrarily separated from them, probably forever?" *Id*.

The answer is that while Congress could have considered removal to be a *per se* exceptional and extremely unusual hardship for the alien's children, it did not. By the plain terms of the statute, Congress reserved the hardship provision for "exceptional and extremely unusual" circumstances, not the general scenario where removal will affect the alien's spouse, parent, or children. Additionally, Quispe has not pointed to any treaty or customary international law that provides that an alien such as Quispe must be allowed to remain in the country in light of the presence of his children. Nothing Quispe has brought before the Court suggests that a separate body of law applies to this scenario and trumps Congress's enacted removal procedure.

In light of the foregoing, we will DENY the petition for review.